Judgment affirmed in first case; reversed in second.

## The St. Louis Electric Lamp Company *vs.* Marshall & Russell.*

Where a partnership was formed for the sale of certain electric lamps, one of the parties agreeing to sell, and the other to furnish the capital and credit necessary and to deliver the lamps; and where the latter partner wrote to the company furnishing the lamps, announcing that the partnership had been formed for a limited time, but did not state its duration, and informed the company that the selling partner would "do" a certain line of railroads first, and asked that his orders for lamps might be honored, to be shipped to the writer at the places on the road designated in the order, and stated that he would accept drafts through the banks which his partner might name in such places, and urged the company to fill his partner's orders immediately on receipt; and where, within less than two months thereafter, the selling partner ordered a bill of goods from the company, which was shipped, though not on the line of the road along which he was first to operate; and where no notice of any dissolution or limitation was given to the company, and on the trial of a suit brought against the firm on account of the last shipment, an agreed statement of facts was made, setting out the transactions above stated, and that the partner who wrote the letter had no business transactions, as partner or otherwise, with the other since the goods were received, but did not state that the partnership had ceased before the goods were ordered; the company was entitled to recover against both

---

*Jackson, C. J., did not preside in this case, on account of providential cause.

partners, and a finding in favor of the partner who conducted the correspondence with the company, as stated, was contrary to law. February 1, 1887.

Partnership.   New Trial.   Before Judge SIMMONS. Houston Superior Court.   April Term, 1886.

Reported in the decision.

W. C. DAVIS; R. N. HOLTZCLAW, by W. S. WALLACE, for plaintiffs in error.

A. Q. RILEY; C. C. RICHARDSON; B. M. DAVIS, by brief, for defendants.

HALL, Justice.

The St. Louis Electric Lamp Company brought suit in the county court of Houston county against the firm of Marshall & Russell, for a bill of goods furnished the partnership on the order of Russell.   There is no plea in the case by Marshall denying the partnership, or stating when or how it was terminated or discontinued.   The defence in both courts was, that the partnership was limited as to time, and that the bill of goods was furnished after Marshall ceased to have dealings as a partner with Russell.   The county court found for the defendant, and awarded judgment against the plaintiffs for costs.   From this judgment an appeal was taken to the superior court.   The trial upon the appeal was, by consent of parties, had by the judge without a jury, on an agreed statement of facts, and judgment was rendered in favor of the defendants. Exceptions to this judgment make the only questions which we deem it important to consider.

The items of the account, so far as they related to the goods furnished and the prices charged for them, were admitted to be correct.   There was no dispute as to the existence of the partnership at the time the account was made, but it may be implied from the evidence that

it had ended before the goods were received. The precise words of the admission upon this point are, "Nor had Marshall had any business transactions as partner or otherwise with Russell since he (Russell) received the goods." Marshall announced the formation of the partnership with Russell to the plaintiffs, in a letter dated 7th October, 1884, in which he stated they had entered into a partnership for a limited time, but he did not state what the duration of the partnership was to be. The partnership was formed for the sale of plaintiffs' lamps. Russell was to sell, and Marshall to furnish the capital and credit necessary and was to deliver the lamps. Plaintiffs were further informed that Russell had left that morning and would "do" the Atlanta division of the Central Railroad of Georgia first. Plaintiffs were asked to honor any orders he (Russell) might send for lamps to be shipped to Marshall to the places on the road he (Russell) might designate, and Marshall would accept drafts at thirty days through the banks that Russell would name in such places. Among other things, they were asked to fill Russell's orders immediately on receipt, and to notify Marshall, at his place of abode, of the first shipment, and send the bills to the places where lamps were shipped, to be returned if not called for in thirty days. Plaintiffs were requested to make no delay in shipments, as Marshall would follow in Russell's wake, and he desired them to follow Russell's instructions to the letter, so as to avoid all possible delay in shipping. On the 28th of November, 1884, Russell ordered the bill of goods on which this suit is brought in a letter from Anniston, Alabama; and the plaintiffs were instructed to draw on Marshall, through Lewis, Leonard & Co., bankers, at Hawkinsville, Georgia. The plaintiffs' manager addressed, from St. Louis, on the 22d of December, 1884, a letter to Marshall, in which he informed him that he had received his favor of the 17th, and was surprised at his statement that he would not accept unless Russell sent him the

money, as he had stated to them that he was in partnership with him, and had requested plaintiffs to draw on him for all goods Russell ordered, reminding him that the company had his letters plainly setting forth these facts, and would take immediate steps to protect themselves against loss if he persisted in refusing payment, and would await a definite reply by return mail. To this letter Marshall replied on the 5th of January, 1884, and expressed himself as regretting exceedingly that any unpleasantness had arisen in their business relations; he stated that Russell had ordered the company to draw on him without his authority, or without ever asking his consent, and because he had paid one draft for him, thought he would pay another, or perhaps he told them, in his letter ordering the goods, that Marshall had authorized him to draw on him. He further informed the company that if Russell sent him the money, he would pay the drafts or the account when it became due; and if his obligations to the plaintiffs did not "expire or cease with the Atlanta Division of the Central Railroad of Georgia," then he would pay the account. He further stated : "You are right as to our partnership, and if you will examine my letter closely, you will find it limited to the railroad aforementioned. Please wait until January 17th, and if you are not paid, send your account and my letter to Duncan & Miller, Perry, Georgia, attorneys at law for Dunn & Co's mercantile agency, and if I find I have come under obligations to you for Russell's draft, I will pay it, To this plaintiffs replied on the 28th of January, 1884, as follows : "We had hoped P. E. Russell would remit you the amount due us for Anniston goods, and have exercised patience, feeling reluctance to take steps against you that would break the friendly relations existing between us. So far as we know, he has done nothing. In your correspondence, you distinctly stated that you were in partnership with Russell, and to draw on you for what he ordered. If you still refuse to remit $160 for

goods he ordered, no other course is left us than to bring suit against you for the amount."

There was no motion made for new trial, and the complaint of the plaintiffs is that the finding of the court on the agreed state of facts demanded a verdict in their favor, instead of one against them; that the finding of the court rests upon neither law nor evidence; and we are of opinion that the point is well taken. The order for these goods was made within less than two months after the formation of the partnership. The plaintiffs had no knowledge or information as to the continuance or cessation of operations within the territory along the Atlanta Division of the Central Railroad. They had a right to infer, from the expressions in the letter informing them of the partnership, that Russell would first operate in that territory and would afterwards remove the business to another locality. Neither had they any notice that the partnership relations had ceased to exist between these parties until after the goods in question were ordered and forwarded. They were certainly urged to comply with Russell's orders; and if these relations had ceased to exist, it was the duty of Marshall to give them prompt information. It is certain that the plaintiffs were not bound by any stipulations as to the dissolution or continuance of the partnership, between the partners themselves, unless they had actual notice of the stipulations before furnishing the goods on the last orders. Code, §1908. It is equally clear that Marshall was bound by the acts of his copartner, which were done within the legitimate business of the partnership, as detailed to them by him, until the dissolution of such partnership, or the commencement of legal process for that purpose, or unless express notice of Marshall's dissent had been given to them prior to the transaction which forms the basis of this suit. *Id.* §1909, and citations.

Judgment reversed.